IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                         Criminal No. 09-20066-001

WILLIAM EARL MEFFORD                                                  DEFENDANT

**O R D E R**

Before the Court are Defendant's Motion to Dismiss Indictment (doc. 16) and supplement, thereto (doc. 78). Also before the Court are the United States' responses to Defendant's Motion and supplement (docs. 18 & 81). In his motion, Defendant contends the Indictment is defective as: (1) 18 U.S.C. § 2250 and 42 U.S.C. § 16973 violate the Commerce Clause due to an insufficient nexus between the activities to be controlled and interstate commerce; (2) he did not receive fair notice that SORNA applied to him in violation of the Due Process Clause; and (3) Congress delegated power to the Attorney General in violation of the non-delegation doctrine.

On December 18, 2009, the Court denied Defendant's Motion based upon Eighth Circuit Court of Appeals precedent (doc. 19). On February 23, 2010, Defendant entered a conditional plea of guilty to the Indictment reserving his right to appeal this denial (doc. 30). On May 13, 2010, Defendant was sentenced to eighteen (18) months imprisonment, ten (10) years supervised release, and a $100 special assessment (doc. 35).

On June 6, 2011, the Eighth Circuit affirmed this Court's

denial of Defendant's motion (doc. 42). On February 21, 2012, the U.S. Supreme Court granted Defendant's petition for a writ of certiorari, vacated the judgment of the Eighth Circuit and remanded the case to that court for further consideration in light of *Reynolds v. United States*, 565 U.S. ___, 132 S.Ct. 975 (2012)(doc. 56). On March 30, 2012, the Eighth Circuit reinstated its affirmance of this Court's denial of Defendant's motion as to his Commerce Clause and Due Process claims; however, it remanded the case for the consideration of Defendant's non-delegation claim on the merits. (Doc. 66). On April 30, 2012, the Court directed the parties to supplement their briefs on the non-delegation claim, and this matter is now ripe for review. (Doc. 68).

The question now before the Court is whether Congress violated the non-delegation doctrine when it enacted 42 U.S.C. §16913(d), authorizing the Attorney General to specify the applicability of SORNA to sex offenders convicted before the enactment of SORNA. Defendant contends Congress violated the non-delegation doctrine by failing to provide an intelligible principle to guide the Attorney General and moves the Court to vacate his conviction and dismiss the Indictment.

While the Eighth Circuit has not ruled on this issue, several appellate courts have found the same non-delegation doctrine argument to be without merit. *See United States v. Stewart*, 461 Fed.Appx. 349, *1 (4th Cir. 2012)(finding Congress delineated an

"intelligible principle" guiding the exercise of that authority). *See also, United States v. Guzman*, 591 F.3d 83, 93 (2d Cir. cert. denied, 130 S.Ct. 3487 (2010); *United States v. Whaley*, 577 F.3d 254, 264 (5th Cir. 2009); *United States v. Ambert*, 561 F.3d 1202, 1213-14 (11th Cir. 2009)(finding Congress undeniably provided the Attorney General with a policy framework in §16901 to guide his discretion under §16913(d)).

Considering the weight of persuasive authority, the Court finds that Congress' grant of authority to the Attorney General to determine the retroactivity of SORNA does not violate the non-delegation doctrine. Congress provided appropriate "intelligible principles" to guide the Attorney General's discretion under §16913(d). Accordingly, Defendant's Motion to Dismiss Indictment (doc. 16) and supplement, thereto (doc. 78) are **DENIED.**

IT IS SO ORDERED this 12th day of July 2012.

                             */s/ Robert T. Dawson*
                             Honorable Robert T. Dawson
                             United States District Judge